**LI ZHOU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73533.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jennifer A. Parker, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Li Zhou, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"), and the BIA's denial of her due process claim. We have jurisdiction under 8 U.S.C. § 1252. We review due process claims de novo, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and the remaining claims for substantial evidence. *Chebchoub v. INS*, 257

** This disposition is not appropriate for publication and may not be cited to or by the

F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

■ Petitioner contends that the IJ violated her due process rights by allowing the asylum officer to testify by telephone during her hearing and by admitting the asylum officer's "unreliable" testimony. Because the asylum officer was sworn in, and his testimony was subject to a lengthy cross-examination, petitioner fails to show that the testimony was unreliable or that allowing the testimony by telephone was "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *See Colmenar*, 210 F.3d at 971; *Beltran–Tirado v. INS*, 213 F.3d 1179, 1185–86 (9th Cir.2000) (holding that receiving testimony by telephone did not deprive the alien of a reasonable opportunity to examine evidence against her and cross-examine the witness). Accordingly, petitioner's due process claim fails.

This court lacks jurisdiction to consider petitioner's contention that the asylum officer's testimony violated 8 C.F.R. § 1003.25(c), because petitioner failed to raise the claim before the BIA, and thus failed to exhaust the claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

■ Substantial evidence also supports the BIA's adverse credibility determination based on petitioner's lack of knowledge of basic Falun Gong practices and lack of corroboration. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004); *see also Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000).

Because petitioner failed to demonstrate that she is eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the BIA's conclusion that petitioner failed to show that it was more likely than not that she will be tortured if returned to China. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.